UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRANDON PIERSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-00678-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g) for further proceedings.

I.   PROCEDURAL BACKGROUND

Plaintiff, born July 1, 1975, applied on December 22, 2010 for DIB and SSI, alleging disability beginning April 18, 2005. Administrative Transcript ("AT") 174, 184. Plaintiff alleged he was unable to work due to a lower back injury causing sciatica. AT 205. In a decision dated April 19, 2012, the ALJ determined that plaintiff was not disabled. AT 25. The ALJ made the

1

following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since April 18, 2005, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and obesity.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work . . . except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk for 6 hours in an 8-hour workday, requires a sit and stand option such that he can stand for 1 hour continuously then sit for 2-3 minutes in addition to normal breaks; can never climb ladders, ropes and scaffolds; occasionally climb ramps and stairs, balance, sto[o]p, kneel, crouch, crawl and overhead reach with right upper extremity.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on July 1, 1975 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.
>
> 8. The claimant has limited education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 18, 2005, through the date of this decision.

AT 17-35.

////

////

2

## II. FACTUAL BACKGROUND

Born on July 1, 1975, plaintiff was 29 years old on the alleged onset date of disability and 36 at the hearing before the ALJ. AT 33, 174. Plaintiff testified that he completed the tenth grade of school. AT 36. In the past, he worked as a warehouse worker, a bakery helper, a cabinet maker, a security guard and a bouncer. AT 63-64, 222.

## III. ISSUES PRESENTED

Plaintiff's contends the ALJ erred in the following ways: (1) the ALJ improperly evaluated the medical opinion of plaintiff's treating physician; (2) the ALJ improperly assessed plaintiff's RFC; (3) the ALJ improperly discredited plaintiff's subjective complaints and limitations; and (4) the ALJ posed an incomplete hypothetical to the vocational expert.

## IV. LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability

or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229–30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## V.  ANALYSIS

A.    Medical Evidence

    1.   Opinion of Dr. Carl Shin

Plaintiff contends the ALJ improperly evaluated the opinion of plaintiff's treating physician, Dr. Carl Shin.  There are three types of physicians relevant to disability determinations: treating physicians, examining physicians, and nonexamining physicians.  "If a treating doctor's opinion is not contradicted by another doctor (i.e., there are no other opinions from examining or nonexamining sources), it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record."  See Ryan v. Comm'r of Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  "If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); Ryan, 528 F.3d at 1198.

"[T]he medical opinions of a claimant's treating physicians are entitled to special weight."  Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).  If the ALJ disregards a treating physician's opinion, the ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Id. (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986)).  Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  "To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions."  Esposito v. Astrue, 2012 WL 1027601, CIV S-10-2862-EFB at *3 (E.D.Cal. Mar. 26, 2012).

1	A nonexamining physician's function is to read medical evidence in a claimant's case
2	records, decide whether or not the claimant's impairments meet or equal the Listings, and
3	determine the claimant's Residual Functional Capacities. 20 C.F.R. § 416.927(e)(1)(i). Because
4	nonexamining physicians do not have the benefit of hearing the claimant's complaints of pain,
5	their opinions as to claimant's pain are of "very limited value." Penny v. Sullivan, 2 F.3d 953,
6	957 (9th Cir. 1993).

7	Dr. Shin treated plaintiff from January 2007 through 2008. See AT 264-310. He
8	performed epidural steroid injections on plaintiff in April 2007 and December 2007. AT 264,
9	266. His progress notes indicate that plaintiff is obese, demonstrates reduced lumbar range of
10	motion, and has good strength in both lower extremities. AT 268. Dr. Shin diagnosed plaintiff
11	with lumbar diskogenic pain, disk protrusions at L4-L5 and L5-S1 and right S1 radicular
12	symptoms. AT 268. On May 5, 2008, opined that plaintiff could frequently lift and carry 10
13	pounds, and occasionally lift and carry 20 pounds. AT 284. He further opined that plaintiff could
14	stand and walk a total of less than four hours in an eight-hour day and sit for a total of less than
15	six hours in an eight-hour day. AT 284.

16	The ALJ described Dr. Shin's opinion as follows:

17	
18	
19	
20	
21	
22	
> The claimant's treating physician, Carl Shin, M.D. diagnosed the claimant with lumbar diskogenic pain, disk protrusion at L4-5 and L5-S1 . . . . Dr. Shin opined the claimant can perform light exertional work by lifting and carrying 20 pounds occasionally and 10 pounds frequently; stand and walk for 4 hours in an 8-hour workday; sit for 6 hour[s] in an 8-hour workday; and can occasionally climb, balance, stoop, kneel, crouch, crawl and twist and frequently reach, handle, finger, see, hear and speak . . . . As a treating source, great weight is given to Dr. Shin's opinion because it is based on his direct observation and findings and consistent with the overall medical records.

23	AT 20. Plaintiff contends the ALJ erred by mischaracterizing the opinion of Dr. Shin in stating
24	the plaintiff had the ability to "stand and walk for 4 hours in an 8-hour workday" and "sit for 6
25	hour[s] in an 8-hour workday" (AT 20) when Dr. Shin stated plaintiff could stand and walk for
26	*less than* four hours in an eight-hour day and sit for *less than* six hours in an eight-hour day (AT
27	284). Despite the ALJ's mistaken description, the ALJ gave great weight to, and otherwise
28	assessed sitting, standing and walking limitations that were consistent with, Dr. Shin's opinion.

5

AT 19 (concluding that plaintiff could "sit, stand and walk for 6 hours in an 8-hour workday").

Plaintiff's second contention—that the sit-stand option in the RFC conflicts with Dr. Shin's opinion—has merit. The RFC states that plaintiff is limited to sitting, standing and walking for six hours in an eight-hour workday. AT 19. However, the RFC also states plaintiff "requires a sit and stand option such that he can stand for 1 hour continuously then sit for 2-3 minutes in addition to normal breaks . . . ." AT 19. It is impossible to reconcile the ALJ's sit-stand requirement with plaintiff's sitting, standing and walking limitations as given by Dr. Shin. If plaintiff were required to stand continuously for an hour then sit for two-to-three minutes in addition to normal breaks, plaintiff would be required to stand for over seven hours in an eight-hour workday. Such a result is contrary to Dr. Shin's opinion limiting plaintiff to standing and walking to less than four hours in an eight-hour day and sitting to less than six hours in an eight-hour day. The ALJ gave no reasons for rejecting Dr. Shin's opinion regarding plaintiff's standing, walking and sitting limitations. Accordingly, the ALJ erred in evaluating Dr. Shin's opinion.

### 2. Residual Functional Capacity ("RFC")

Plaintiff also contends the ALJ's RFC assessment is not supported by substantial evidence. In determining a claimant's RFC, an ALJ must assess all the evidence to determine what capacity the claimant has for work despite her impairments. See 20 C.F.R. §§ 404.1545(a), 416.945(a). The court will affirm the ALJ's determination of plaintiff's RFC if the ALJ applied the proper legal standard and her decision is supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). An examining physician's opinion alone constitutes substantial evidence if it rests on that physician's own independent examination. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work . . . except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk for 6 hours in an 8-hour workday, requires a sit and stand option such that he can stand for 1 hour continuously then sit for 2-3 minutes in addition to normal breaks; can never climb ladders,

>ropes and scaffolds; occasionally climb ramps and stairs, balance, sto[o]p, kneel, crouch, crawl and overhead reach with right upper extremity.

AT 19.  The RFC regarding plaintiff's lifting and postural limitations is consistent with the medical opinion of Dr. Shin.  See AT 284 (plaintiff can occasionally lift 20 pounds, frequently lift 10 pounds); 285 (plaintiff can occasionally climb, balance, stoop, kneel, crouch, and twist).  However, as noted above, the RFC is inconsistent with the opinion of Dr. Shin and with itself.  The ALJ states that plaintiff is limited to sitting, standing and walking for six hours in an eight-hour workday but then states that plaintiff requires a sit-stand option so that he can stand for over seven hours and sit for a few minutes in an eight-hour workday.  AT 19.  The sit-stand limitation was not supported substantial evidence.  Accordingly, the ALJ erred in assessing plaintiff's RFC.

B.   Plaintiff's Credibility

Plaintiff further contends that the ALJ failed to provide sufficient reasons for discrediting his subjective complaints.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273,1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third-party testimony about nature, severity and

1   effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

2   Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an

3   allegedly debilitating medical problem may be a valid consideration by the ALJ in determining

4   whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v.

5   Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part,

6   on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.

7   1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6

8   (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the

9   Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

10  Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

11          Plaintiff reported that he was unable to work due to his lower back injury causing sciatica.

12  AT 205.  The ALJ found plaintiff's statements concerning the intensity, persistence and limiting

13  effects of plaintiff's symptoms partially credible for several reasons.  AT 21.  The ALJ considered

14  the objective medical evidence which did not support the severity of plaintiff's allegations.  AT

15  20, 282-86 (findings related to plaintiff's lumbar spine were generally normal).  The ALJ also

16  noted that plaintiff had no treatment records for 2005, 2006, and 2009 through 2012.  AT 21.

17  Lastly, the ALJ noted that plaintiff had made inconsistent statements regarding his ability to

18  work.  AT 23 (alleged onset date of April 4, 2005 despite testifying at the hearing that his last

19  work was in July 2006).  The factors considered by the ALJ in discrediting plaintiff are valid and

20  supported by the record.

21  C.      Hypothetical Posed to Vocational Expert

22          Plaintiff contends the ALJ posed an incomplete hypothetical to the vocational expert.

23  Hypothetical questions posed to a vocational expert must set out all the substantial, supported

24  limitations and restrictions of the particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756

25  (9th Cir. 1989).  However, the ALJ need only include the limitations that he or she finds to exist.

26  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  If a hypothetical does not reflect all the

27  claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can

28  perform has no evidentiary value.  DeLore v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While

1  the ALJ may pose to the expert a range of hypothetical questions, based on alternate

2  interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's

3  determination must be supported by substantial evidence in the record as a whole. Embrey, 849

4  F.2d at 422-23.

5      In posing the hypothetical to the vocational expert, the ALJ stated as follows:

> If the individual was limited to light work, as it's defined under the regulations, with an additional alternation of sitting and standing; where the individual would be able to stand for one hour and then would have to sit, to rest, for two to three minutes before resuming work, and that's in addition to the regular breaks; also, they would be -- be limited to occasional climbing of ramps, stairs; no climbing of ladders, ropes, or scaffolds; probably -- well, hmm.
>
> I guess, occasionally for the rest of the postural, except balancing. Well, he uses a cane to[o], although he just said that's to assist with the weight. So let's leave balance unlimited and the other -- stooping, knelling, crouching, crawling -- all limited to occasionally.
>
> We'll do occasional reaching overhead with the right upper extremity, which is dominant, and I think that's it for the moment. So within that hypothetical, would this individual, who is a younger individual – what did he say – education, tenth grade, and the work history that you've outlined -- would this individual be able to perform any of the past jobs?

17  AT 65. The vocational expert responded "no," but found that plaintiff could perform other jobs

18  such as bill collector, counter clerk, and rental consultant. AT 65-66.

19      The hypothetical was inconsistent with the ALJ's RFC assessment of plaintiff. AT 24,

20  65-66. The ALJ's RFC assessment limits plaintiff to sitting, standing and walking for six hours

21  total in an eight-hour workday. AT 19. These limitations were not included in the ALJ's

22  hypothetical to the vocational expert. Because the hypothetical does not reflect all of claimant's

23  limitations, the vocational expert's testimony has no evidentiary value. See DeLore, 924 F.2d at

24  850. Accordingly, the ALJ erred in relying on the vocational expert's testimony in concluding

25  that there are jobs that exist in significant numbers in the national economy that plaintiff can

26  perform. AT 24.

27  ////

28  ////

For the reasons set forth above, this matter will be remanded so that the ALJ may properly evaluate the opinion of Dr. Shin, assess plaintiff's residual functional capacity, and pose a complete hypothetical to the vocational expert that includes all of claimant's limitations.

## VI. CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is denied; and

3. This matter is remanded under section 405g for further proceedings consistent with this order.

DATED: April 29, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE